380 So.2d 1248 (1980)
John D. HUDSON, Plaintiff-Appellee,
v.
Don McAVOY, Defendant-Appellant.
No. 7440.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
Rehearing Denied March 19, 1980.
Raleigh Newman, Lake Charles, for defendant-appellant.
Cassidy & Millican, F. Jefferson Millican, Jennings, for plaintiff-appellee.
Before FORET, CUTRER and DOUCET, JJ.
CUTRER, Judge.
Plaintiff, John D. Hudson, filed a rule asking that Don McAvoy show cause why a preliminary injunction should not be granted enjoining defendant from interfering with a servitude of passage benefiting plaintiff's estate.
The undisputed facts are that on February 27, 1958, plaintiff purchased from Leroy Pharr a portion of Lot 8 of the Hathaway Subdivision in the City of Jennings, Louisiana. In addition to the purchase of the land, Pharr granted plaintiff a 30 foot right *1249 of way along the adjacent remainder of Lot 8. The purpose of the servitude was set forth in the deed wherein it stated that the servitude was granted for
"... a right of passage or of way and for the erection of all utility lines such as water, sewer, gas, telephone and electricity to service the property."
Soon after his purchase of the property, plaintiff constructed a building on his property to house his plumbing business. The building faced Elton Road (Highway 26). The plaintiff's building was constructed in two sections with an opening between the sections wherein a vehicle could drive through the building. After constructing the building, the plaintiff improved the 30 foot right of way for vehicular use. The right of way extended from the rear of plaintiff's building through the block to Johnson Street. By improving the right of way, plaintiff's business was accessible by vehicular traffic from Johnson Street as well as Elton Road. The utilities serving the plaintiff's building were also installed within the 30 foot right of way extending from Johnson Street to the building.
The right of way was used for ingress or egress to the business by plaintiff, his employees, material suppliers and some customers. Plaintiff constructed two gates, one in front of his business and one to the rear thereof, which he kept closed during the night hours, weekends and holidays. These gates kept the public from traveling on the right of way when the business was closed. Plaintiff testified that the closing of the two gates, however, created problems of ingress and egress for customers and supply vehicles. As a result of these problems, plaintiff discontinued the use of the two gates in approximately 1975 by leaving the gates open at all times.
On October 25, 1971, the defendant purchased the remainder of Lot 8 from Pharr, subject to the servitude that existed in favor of plaintiff. Defendant built a home on his property facing Johnson Street, with the right of way running alongside and within four feet of his house. Defendant testified that after plaintiff started leaving his gates open, traffic on the right of way increased, causing a dangerous condition for his children. Defendant, in 1979, constructed a 23 foot gate across the right of way near his home and tendered to the plaintiff a key to the lock thereon.
The plaintiff contended that, even though defendant gave him a key to the gate lock, the installation of the gate interferred with the full use of the right of way. This rule was filed and after trial on the merits, the trial court granted the injunctive relief, ordering defendant to remove the gate across the servitude. Defendant perfected this appeal. We affirm.
The issue presented on appeal is whether the trial court erred in granting the injunctive relief.
This situation is controlled by Article 748 of the Louisiana Civil Code which states, in part, as follows:
"The owner of the servient estate may do nothing tending to diminish or make more inconvenient the use of the servitude."
The law is clear and unambiguous. The plaintiff is entitled to free and unencumbered use of his servitude. The defendant has no legal basis for either narrowing the servitude from 30 feet to 23 feet by constructing a gate across the road or restricting or diminishing the use of the servitude by the plaintiff, his suppliers or customers. This reduction of the servitude and inconvenience to the plaintiff is precisely what LSA-C.C. art. 748 prohibits. The judgment of the trial court is correct.
The plaintiff argues that LSA-C.C. art. 781[1] should apply. This position is without *1250 merit. This article was repealed, or deleted, by the enactment of Act 514, 1977, effective January 1, 1978.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 781 provided:

"If the passage be agreed upon, without the time or the hour be fixed, it is necessary to make a distinction; if the passage be through a place not closed, it may be used at any hour, and even in the night, for at any hour a person may want to pass; but if it be through a place which is closed for the security of the owner, the right of passage can be exercised only at convenient hours, for it would be unreasonable that a yard or house should be left open at all hours of the night."